```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GULF OIL LIMITED PARTNERSHIP,<br><br>       Plaintiff,<br><br>   v.<br><br>PIONEER ENTERPRISES, INC.,<br>DEEPAK VERMA, RAJNI SETHI,<br>DHARMINDER SETHI, and FINE<br>ENTERPRISES, INC.,<br><br>       Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 11-1610<br>        (JEI/AMD)<br><br>**ORDER GRANTING THE MOTION TO VACATE THE ENTRY OF DEFAULT AS TO DEFENDANTS FINE ENTERPRISES, INC., RAJNI SETHI, AND DHARMINDER SETHI (Docket # 27); AND DISMISSING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (Docket # 21)** |

**APPEARANCES:**

ARCHER & GREINER
By: Debra Rosen, Esq.
One Centennial Square
Hadddonfield, New Jersey 08033
        Counsel for Plaintiff

ECKERT SEAMANS CHERIN & MELLOTT, LLC
By: Robert L. Sanzo, Esq.
Two Liberty Place
50 South 16th Street, 22nd Floor
Philadelphia, Pennsylvania 19102
        Counsel for Defendants Pioneer Enterprises, Inc. and
        Deepak Verma

HOFFMAN DIMUZIO
By: Dante B. Parenti, Esq.
1739-1753 Delsea Drive
P.O. Box 285
Franklinville, New Jersey 08322
        Counsel for Defendants Fine Enterprises, Inc., Rajni
        Sethi, and Dharminder Sethi


**IRENAS**, Senior District Judge:

    This matter having appeared before the Court upon

Plaintiff's Motion for Entry of Default Judgment against

Defendants Fine Enterprises, Inc., Rajni Sethi, and Dharminder Sethi (Docket # 21) and those Defendants' Cross Motion to Set Aside or Vacate the Clerk's Entry of Default (Docket # 27), the Court having considered the moving briefs[1], and it appearing that:

(1)   This is primarily a Lanham Act trademark infringement / breach of contract suit arising out of the termination of Defendant Pioneer's Distributor Agreement with Plaintiff Gulf Oil Limited Partnership.

(2)   The Complaint alleges that Pioneer operated seven gas stations as Gulf Oil gas stations, pursuant to the Distributor Agreement.  Plaintiff asserts that, as a result of various breaches of the Distributor Agreement, it terminated the Agreement, effective March 18, 2011.  According to Plaintiff, after the termination, Pioneer continued to operate its stations as Gulf-branded stations.

(3)   The Complaint asserts violations of the Lanham Act, an unfair competition claim under New Jersey law, and breach of contract claims, among others.  Plaintiff also seeks to recover

---

[1] As the docket correctly reflects, only two briefs have been filed: Plaintiff's brief in support of its Motion, and the Moving Defendants' brief in support of their Motion.  The Moving Defendants' brief can be interpreted as an implicit opposition to the Plaintiff's Motion.  Plaintiff, however, has not filed any response to the Motion to Vacate the Entry of Default-- whether styled as an opposition to Defendants' Motion or a reply in further support of its own Motion.  Such a submission was due, at the latest, on October 24, 2011.

on the guarantees it alleges Defendants executed in connection with Pioneer's agreement to purchase Gulf Oil petroleum products.

(4) On July 1, 2011, upon Plaintiff's application, and a finding that none of the Defendants had answered or otherwise responded to the Complaint, the Clerk of Court entered default against all Defendants pursuant to Fed. R. Civ. P. 55(a).

(5) Presently, Plaintiff only seeks default judgment as to the claim on the guarantees allegedly executed by Fine Enterprises, and the Sethis (Count VII of the Complaint) even though the other six counts of the Complaint also name Fine Enterprises and the Sethis as Defendants.[2]

(6) Sometime after default was entered, the Moving Defendants retained counsel for the first time. On September 16, 2011, Mr. Parenti formally entered his appearance in this case on behalf of Moving Defendants. Two weeks later, the Moving Defendants filed the instant Motion to Set Aside or Vacate the Entry of Default. As noted previously, Plaintiff has filed no opposition to the Motion.

(7) Fed. R. Civ. P. 55(c) provides, in relevant part, "[t]he court may set aside an entry of default for good cause." In exercising its discretion to set aside the entry of default,

---

[2] This Court previously granted the Motion of Defendants Pioneer and Verma to vacate the entry of default against them. That motion was pending at the time Plaintiff filed the instant Motion.

3

the Court considers "(1) whether setting aside the default would prejudice the plaintiff;" "(2) whether defendant has asserted a meritorious defense;" and (3) "defendant's culpability." *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982); *see also Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 656 (3d Cir. 1982) (applying the "*Farnese* factors" and observing, "[l]ess substantial grounds may be adequate for setting aside a default than would be required for opening a judgment."). "Any doubt should be resolved in favor of setting aside the [entry of default] so that cases may be decided on their merits." *Feliciano*, 691 F.2d at 656.[3]

(8)   Plaintiff has not asserted that it will be prejudiced if default is vacated; nor has it asserted that the Moving Defendants were culpable in their delay in answering or otherwise responding to the Complaint.  The Court concludes that Plaintiff will not be prejudiced, and there is no evidence from which the Court might conclude that the Moving Defendants acted culpably.

(9)   The Court also concludes that the Moving Defendants have presented "at least one meritorious defense." *Farnese*, 687 F.2d at 764; *Feliciano*, 691 F.2d at 657 (requiring the presentation of at least one "*prima facie* . . . valid defense"). The Moving Defendants assert that Deepak Verma repaid the

---

[3]   *See generally* Wright, Miller, Kane & Marcus, 10A Fed. Prac. & Proc. Civ. § 2696 (3d Ed.) ("Rule 55(c) motions [to set aside an entry of default] are frequently granted.").

indebtedness that they allegedly guaranteed.

(10)   After considering the *Farnese* factors, the Court concludes that the Moving Defendants have established good cause for setting aside the entry of default.  Accordingly,

**IT IS** on this  9th  day of November, 2011,

**ORDERED THAT:**

(1) The Motion of Defendants Fine Enterprises, Inc., Rajni Sethi and Dharminder Sethi to set aside the entry of default (Docket # 27) is hereby **GRANTED**.  The Clerk of Court is hereby directed to **VACATE** the default entered against Defendants Fine Enterprises, Inc., Rajni Sethi and Dharminder Sethi.

(2) The Moving Defendants shall answer or otherwise respond to the Complaint within 20 days of the date of this Order.

(3) Plaintiff's Motion for Entry of Default Judgment (Docket # 21) is hereby **DISMISSED AS MOOT**.

                                       s/ Joseph E. Irenas
                                       **JOSEPH E. IRENAS, S.U.S.D.J.**